IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Darlene Morman ) | Case No. | |
| ) | | |
| ) | | |
| Plaintiff ) | COMPLAINT | |
| ) | | |
| ) | | |
| v. ) | July Demand Requested | |
| ) | | |
| **ZenResolve** ) | | |
| 4720 E. Cotton Gin Loop ) | | |
| Phoenix, AZ 85040 ) | | |
| ) | | |
| Defendant ) | | |

Now comes Plaintiffs, by and through his attorneys, and, for his Complaint alleges as follows:

## JURISDICTION AND VENUE

1. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

2. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

3. Plaintiff, Darlene Morman (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

4. Plaintiffs are residents of the State of Illinois.

5. Defendant, ZenResolve. is an Arizona business entity with an address of 4720 E. Cotton Gin Loop, Suite 135, Phoenix, AZ 85040 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).

6. Unless otherwise stated herein, the term "Defendant" shall refer to ZenResolve.

7. Defendant uses instruments of interstate commerce for its principal

purpose of business, which is the collection of debts.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

8. The Plaintiff originally had an unsecured loan. (hereinafter "Creditor").
9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. Section 1692(a)(5)
10. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.
11. Specifically, this debt was purchased by the Defendant when Plaintiff was in default of his mortgage, making Defendant a Debt Collector under 11 U.S.C. Section 1692a(6).
12. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).
13. On May 16, 2019, Plaintiff filed for Chapter 7 Bankruptcy and on September 3, 2019, the Bankruptcy Court granted her a full Discharge.
14. The original Creditor, Ubi Cash, was not listed in the Chapter 7 Bankruptcy; it was in accidently left off the of the Bankruptcy petition by Plaintiff.
15. However, in June, 2019, Plaintiff gave Ubi the actual notice that she had filed Bankruptcy.
16. Defendant is now collecting on a debt that was Discharged in the Bankruptcy.
17. The FDCPA broadly prohibits any false, misleading or deceptive threats in connection with the collection of a debt 15 U.S.C. Section 1692e
18. Knowledge is not an element for a violation of the 15 U.S.C. Section 1692e or 1692f. *Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991 (7th Cir., 2003)
19. Moreover, in a phone conversation on January 28, 2020: Plaintiff told Defendant that she filed Bankruptcy and that she had a Lawyer for this matter.

20. After the phone call described in paragraph 19, Defendant did three more collection calls to Plaintiff between January 28 and January 29, 2020.

**1692c**

21. As stated above, Plaintiff told Defendant she had an Attorney for this matter, Defendant continued to collect on this debt by calling her three thimes.

**VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.**

22. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
23. The Defendant violated 15 U.S.C. Section 1692e by collecting on a debt that was already Discharged in a Bankruptcy.
24. The Defendant violated 15 U.S.C. Section 1692e by collecting on a debt after it had actual knowledge of the Bankruptcy.
25. The Defendant violated 15 U.S.C. Section 1692c by continuing to contact the Plaintiff in connection with the collection of a debt even though it had actual knowledge that Plaintiff was represented by an Attorney for this matter.
26. Plaintiff is entitled to damages as a result of Defendants' violations.

**JURY DEMAND**

27. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

26, Plaintiff demands the following relief:
   a. Judgment against Defendant, awarding the Plaintiff actual damages.
   b. Judgment against each of the Defendant, awarding the Plaintiff Statutory damages
   c. Judgment against Defendant, awarding the Plaintiff recovery of the costs of litigation and reasonable attorney's fees;
   d. Judgment against Defendant, awarding the Plaintiff punitive damages in such amount as is found appropriate; and

    e. Any other legal and/or equitable relief as the Court deems appropriate.

Respectfully submitted,

/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, PC
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff